## SMITH v. CUTTER.

(Supreme Court, Appellate Division, Second Department. October 5, 1900.)

BROKERS—CONTRACT OF EMPLOYMENT—SUFFICIENCY OF EVIDENCE.

    In an action by a broker for services, the plaintiff testified that he had performed such services relying on defendant's promise to pay therefor. A., who assisted plaintiff, testified as to a similar contract made between himself and plaintiff. Defendant denied making an agreement to pay for services of the kind performed, and stated that he had paid A. for such services, and that the plaintiff had received part of the sum so paid. A. admitted having received such payment, but testified that it was for other services. *Held* sufficient to sustain a verdict for plaintiff.

Appeal from trial term, Kings county.

Action by Isaac Smith against John D. Cutter to recover for services performed under a contract. From a judgment in favor of the

plaintiff and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Edward P. Lyon, for appellant.
Robert H. Roy, for respondent.

GOODRICH, P. J. The plaintiff sued to recover $10,000 as commissions for services rendered by him in obtaining money for the defendant to enable him to adjust his business affairs at a time when he was in financial difficulties. There was conflicting evidence as to the employment of the plaintiff and as to the character of his services. He recovered a verdict of $5,000, and from the judgment entered thereon the defendant appeals.

There was evidence on the part of the plaintiff tending to show the following facts: The firm of John D. Cutter & Co., of which the defendant was senior member, was the agent and commission merchant of the Cutter Silk Manufacturing Company, and was involved with it by the indorsement of its paper to an amount exceeding $200,000. The company and the firm were financially embarrassed, and required a large amount of capital to enable them to continue their businesses. The plaintiff testified that the defendant applied to him for assistance in raising money; that they examined the affairs of the company and the firm with particularity, and that the defendant promised to pay him liberally for his services. The plaintiff subsequently entered into negotiations with another broker, named Stevens, and the two applied to several capitalists to advance money and render assistance. They finally succeeded in procuring the firm of Scheffer, Schram & Vogel to make the needed advances under an agreement with that firm to which the Cutter Company and firm assented. Under this arrangement, a large amount of money was advanced to the company and the firm, which continued business for some time thereafter. Stevens corroborated the testimony of the plaintiff as to a similar promise made to them jointly by the defendant. The defendant denied making any agreement whatever with the plaintiff to pay him a commission for his services in procuring an arrangement of the kind entered into, although he admitted that he agreed to pay the plaintiff and Stevens a commission for securing capital in his business, which he claimed was never accomplished, the agreement which was consummated being the ordinary employment of a commission house by a manufacturer. He further contended that he had paid Stevens $20,000 in stock of the company for his services, and that out of that stock the plaintiff received $2,000 in full settlement. Stevens testified that this stock was not given to him by Cutter in payment of any of the services of the plaintiff or himself in effecting the arrangement with Scheffer, Schram & Vogel, and had no connection therewith, but was given to him for the purpose of enabling him to become an officer in the Cutter Company, and in connection therewith of rendering services to the company at the salary of $300 per month. He and the plaintiff denied that the $200,000 which the plaintiff received from Stevens

in connection with a pledge of this stock had anything whatever to do with the amount agreed to be paid them for their commissions. It is not disputed that Stevens did receive the stock, did take office in the company, and render services for several years, and that he received a salary therefor. The evidence created a clear conflict of fact, and the court submitted these questions to the jury in a charge quite as favorable to the defendant as the circumstances required. There is abundant evidence to sustain the verdict.

I do not consider it necessary to state other questions of fact upon which there was evidence, as the basic questions were the employment of the plaintiff, the defendant's promise to pay him for his services, and his accomplishment of the arrangement with the firm of Scheffer, Schram & Vogel. In the three exceptions taken by the defendant, I do not find one that amounts to reversible error. The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.